UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HDRE BUSINESS PARTNERS LTD. GROUP, L.L.C. | CIVIL ACTION NO. 09-977 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RARE HOSPITALITY INTERNATIONAL, INC., A GEORGIA CORPORATION, D/B/A LONGHORN STEAKHOUSE | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion to Stay [Record Document 5], filed on behalf of the defendant, RARE Hospitality International, Inc. ("RARE"). Plaintiff, HDRE Business Partners LTD. Group, L.L.C. ("HDRE") opposes this motion. [Record Document 10]. For the reasons stated herein, Defendant's motion is **DENIED**.

## FACTUAL BACKGROUND

In August 2007, HDRE entered into an Out Parcel Purchase and Sale Agreement ("Purchase Agreement") with Stirling Bossier, L.L.C., to purchase an approximately 1.84 acre outparcel tract of land that was part of a shopping center development located in Bossier City, Louisiana ("Stirling Property"). [Record Document 5, Ex. 3, ¶¶ 12, 17 ("FL Amended Complaint")]. Pursuant to HDRE's agreement to purchase the Stirling Property, HDRE delivered to Stirling a non-refundable deposit in the amount of $75,000.00. [Complaint ¶ 2]. RARE, a wholly owned subsidiary of Darden Restaurants, owns and operates numerous restaurants in the United States, including Longhorn Steakhouse. [Complaint; Record Document 5, Ex. 3, ¶ 6]. At the time HDRE executed the Purchase

Agreement, HDRE was in talks with RARE to have RARE construct, open, and operate a Longhorn Steakhouse on the Stirling Property. [Record Document 5, Ex. 3, ¶ 17]. In February 2008, RARE entered into a lease agreement with HDRE to lease the Stirling Property ("Lease"). The Lease provided for an initial term of fifteen (15) years with options to extend the term of the Lease for four (4) additional periods of five (5) years each. [Id. at ¶ 18; Complaint ¶ 3].

In May 2008, HDRE and Rare entered into an Amendment and Assignment of Contract ("Assignment") through which HDRE assigned all of its rights, interests, and obligations in and under the Purchase Agreement to RARE. [Complaint ¶¶ 4, 6; Record Document 5, Ex. 3, ¶¶ 39, 42]. A couple of weeks later, RARE informed HDRE that it would not obtain corporate approval and terminated the Purchase Agreement. [Complaint ¶ 8; Record Document 5, Ex. 3, ¶¶ 45-51]. HDRE's attorney then sent an email to counsel for RARE requesting that RARE comply with its commitments under the terms of the Lease. [[Complaint ¶ 9; Record Document 5, Ex. 3, ¶ 52]. RARE responded to HDRE's email and advised HDRE that RARE's obligations under the Lease ceased to exist when the parties executed the Assignment. [Record Document 5, Ex. 3, ¶ 53]. HDRE continued to insist that RARE perform its obligations under the lease, or, alternatively, demanded that RARE reimburse it for the damages that it had suffered. [Complaint ¶ 12].

After the parties unsuccessfully participated in a pre-suit mediation to resolve the dispute, RARE filed a complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2008-CA-022160-O, on September 4, 2008, and effected service on HDRE on September 24 and 25, 2008. In the Florida state court complaint, RARE sought a declaration "that the Lease between RARE and HDRE was

rendered null and void effective with the execution of the Assignment and that the Lease has no current or continuing force and effect." [Record Document 5, Ex. 3, ¶ 60].

On June 15, 2009, nine months after RARE filed suit in Florida state court, HDRE filed a Complaint in the Western District of Louisiana against RARE for breach of the lease agreement. See Complaint. HDRE claims RARE acted in bad faith and caused HDRE to incur expenses of $106,500.00 and to lose profits in the amount of $1,925,000.00, for a total loss of $2,031,500.00. [Complaint ¶ 21]. Thereafter, RARE filed the instant Motion to Dismiss requesting this Court abstain from exercising jurisdiction over this action pursuant to the Colorado River Abstention Doctrine. [Record Document 5]. HDRE opposes this motion.

## LAW AND ANALYSIS

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred upon them. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) ("Abstention from the exercise of federal jurisdiction is the exception, not the rule."); see also, Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716, 116 S.Ct. 1712, 135 L.Ed.21 1 (1996) ("federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress"); Cohens v. Virginia, 6 Wheat 264, 404, 5 L.Ed. 257 (1821) (federal courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not"). A federal court may abstain from the exercise of jurisdiction only in "'exceptional circumstances,' 'where denying a federal forum would clearly serve an important countervailing interest,'" such as "considerations of 'proper constitutional adjudication,' 'regard for federal-state relations,' or 'wise-judicial administration.'" Quackenbush, 517

U.S. at 716, 116 S.Ct. at 1720-21 (quoting Colorado River, 424 U.S. at 813, 817, 96 S.Ct. at 1244, 1246).

Although the pendency of an action in state court is generally no bar to proceedings concerning the same matters in federal court, the Supreme Court recognized in Colorado River that it may be appropriate for a federal court to abstain from exercising jurisdiction when "parallel" proceedings are pending in federal and state court. Id., 424 U.S. at 817, 96 S.Ct. at 1246; LAC Real Estate Holdings, L.L.C. v. Biloxi Marsh Lands Corp., 320 Fed.Appx. 267, 270 (5th Cir. 2009). Proceedings are considered "parallel" for purposes of Colorado River abstention where the proceedings "involv[e] the same parties and the same issues." RepublicBank Dallas, Nat'l Assoc. v. McIntosh, 828 F.2d 1120, 1121 (5th Cir. 1987) (quoting PPG Indus., Inc. v. Continental Oil Co., 478 F.2d 674, 682 (5th Cir. 1973)). The decision whether to abstain from the exercise of federal jurisdiction because of a parallel state-court action "does not rest on a mechanical checklist," but important factors should be carefully balanced, "with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cones Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983). Six factors have been identified to guide a federal court in determining whether "exceptional circumstances" exist sufficient to warrant Colorado River abstention:

> (1) assumption by either state or federal court over a res;
>
> (2) relative inconvenience of the fora;
>
> (3) avoidance of piecemeal litigation;
>
> (4) order in which jurisdiction was obtained by the concurrent fora;

> (5) extent federal law provides the rules of decision on the merits; and
>
> (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

Brown v. Pacific Life Ins. Co., 462 F.3d 384, 395 (5th Cir. 2006) (citing Stewart v. Western Heritage Ins. Co., 438 F.3d 488, 491 (5th Cir. 2006)).

Turning now to the facts in this case, the Court will consider each factor and determine whether it weighs in favor of or against abstention.

### 1. Assumption by Either State or Federal Court over a Res

Where a case "does not involve any res or property over which any court, state or federal, has taken control," this factor weighs *against* abstention. Black Sea Inv., Ltd. v. United Heritage Corp., 204 F.3d 647, 650 (5th Cir. 2000) (quoting Murphy v. Uncle Ben's Inc., 168 F.3d 734 (5th Cir. 1999)). RARE argues that this case does, in fact, involve a parcel of land (the Stirling Property) and that the Circuit Court for Orange County, Florida has assumed jurisdiction over that property. [Record Document 5, p.9]. RARE's assertion, however, mischaracterizes the nature of this case. Although this case does involve a res, the Stirling Property, the parties' dispute revolves solely on their *contractual* obligations under the Purchase and Lease Agreements. Neither the Florida state court nor the federal court have assumed or will be required to assume jurisdiction over the Stirling Property; therefore, this factor supports the exercise of federal jurisdiction. See Ambrosia Coal & Const. Co. v. Pages Morales, 368 F.3d 1320, 1332 (11th Cir. 2004) (the first Colorado River factor "looks not to the location of the res, but the jurisdiction of the court").

### 2.     Relative Inconvenience of the Fora

The second factor involves the physical proximity of the federal forum to the location of evidence or witnesses, or the availability of compulsory process. Evanston Ins. Co. v. Jimco, Inc., 844 F.2d 1185, 1191 (5th Cir. 1988).  Ultimately, the question is not whether the federal forum is a "better" or "more convenient" forum, but "whether the inconvenience of the federal forum is so great that this factor points toward abstention." Id., 844 F.2d at 1192.

RARE asserts this factor weighs in favor of abstention because RARE executed the Lease Agreement in Orange County, Florida, "HDRE conducted and carried on its business venture" with RARE in Orange County, Florida, and the "parties' obligations under the [Lease Agreement] were or were to be performed in Orange County, Florida . . . including, but not limited to, the delivery of all documents and records to be provided by HDRE to RARE." [Record Document 5, p.10]. In response, HDRE states that it "cannot conceive of what evidence and witnesses are located in Florida" and that "the only conduct in any way connected to this dispute . . . is the execution of the subject lease agreement by RARE." [Record Document 10, p.7].  HDRE contends it "is simply unsupportable to suggest that Orange County, Florida provides a more convenient forum because one of the documents at issue in a Florida office." Id. Furthermore, HDRE points to the fact that most of its witnesses reside in or near Tyler, Texas, approximately ninety miles from this Court. Id.

Considering the physical proximity of this Court to the evidence and witnesses in this case, the Court cannot say that this forum is any less convenient to the parties than the state forum, as travel expenses will be required by one party regardless of the forum. See

Moses, 460 U.S. at 19, 103 S.Ct. at 939.  Thus, this factor is neutral and weighs neither in favor of nor against abstention.

### 3. Avoidance of Piecemeal Litigation

Colorado River abstention was designed to prevent "*piecemeal* litigation, and the concomitant danger of inconsistent rulings." Stewart, 438 F.3d at 492.  "But '[t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination.'" Black Sea, 204 F.3d at 650 (quoting Evanston, 844 F.2d at 1192). "*Duplicative* litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction." Id. (emphasis in original).  Here, because neither court has assumed jurisdiction over a res and there is a complete identity of the parties and the issues, the litigation is merely duplicative.  See Kelly Inv., Inc. v. Continental Common Corp., 315 F.3d 494, 498 (5th Cir. 2002).  Furthermore, a plea of *res judicata* after one court enters a final judgment may eliminate the danger of inconsistent rulings; therefore, this factors favors the exercise of federal jurisdiction.  See Stewart, 438 F.3d at 492; Kelly, 315 F.3d at 498-499.

### 4. Order in which Jurisdiction was Obtained by the Concurrent Fora

This factor is not to be "measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses, 460 U.S. at 21, 103 S.Ct. at 927.  The Florida state action has been pending for approximately one and one-half years, the parties have filed numerous pleadings and motions, engaged in written discovery, participated in a Case Management Conference and in a scheduled

mediation in Florida. [Record Documents 5, 11]. In contrast, the only action that has taken place in this Court is the filing of HDRE's Complaint and the instant motion to dismiss. It is undisputed that a Scheduling Order has not been issued, and the record suggests that little (if any) discovery has been conducted. Because the state proceeding has undoubtedly progressed further, this factor weighs in favor of abstention. See Stewart, 438 F.3d at 492-93.

### 5. Extent Federal Law Provides the Rules of Decisions on the Merits

The parties agree that there are no federal questions asserted in this matter and that the merits of this case will be determined solely by state law. Nevertheless, the issues must be determined by application of *Louisiana* state law. The Court agrees with HDRE that this Court is in a better position to determine and apply Louisiana law than the Florida state court, as this Court routinely analyzes claims under Louisiana state law and is familiar with the legal concepts that must be applied in this case. See Record Document 10. Accordingly, this factor weighs in favor of the exercise of federal jurisdiction.

### 6. Adequacy of the State Proceedings in Protecting the Rights of the Party Invoking Jurisdiction

There is no indication that HDRE's rights and interests would not be adequately protected in the Florida state court proceeding. The Fifth Circuit has made it clear, however, "that this factor 'can only be a neutral factor or one that weighs against, not for, abstention.'" Black Sea, 204 F.3d at 651 (quoting Evanston, 844 F.3d at 1193). Therefore, this factor remains neutral.

## CONCLUSION

With the exception of the fourth factor (order in which jurisdiction was obtained by the concurrent fora), all of the Colorado River abstention factors weigh against abstention or remain neutral. This one factor is simply insufficient to create the "exceptional circumstances" necessary to justify abstention of the Court's "virtually unflagging obligation" to exercise federal jurisdiction. Accordingly, considering the heavy weighting of the balance in favor of the exercise of federal jurisdiction, RARE's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion to Stay [Record Document 5] shall be **DENIED.**

An Order consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 23rd day of March, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE