UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HDRE BUSINESS PARTNERS LIMITED GROUP, L.L.C. | CIVIL ACTION NO. 09-977 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| RARE HOSPITALITY INTERNATIONAL, INC., A GEORGIA CORPORATION, D/B/A LONGHORN STEAKHOUSE | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion for attorneys' fees, filed by the Defendant, RARE Hospitality International, Inc. ("RARE"). [Record Documents 242, 243, & 249]. The facts of this lengthy litigation are set forth in various rulings by the Court and do not bear repeating at this time. However, the facts pertinent to the instant issue are as follows. The Plaintiff, HDRE Business Partners Limited Group, L.L.C. ("HDRE"), sued RARE, alleging RARE breached a lease (the "Lease") for a commercial piece of property. In the Lease, HDRE was to be the lessor, while RARE was the lessee. In advance of trial, RARE asserted various defenses to the breach of contract action, including but not limited to, novation. That is, RARE insisted that its obligation to lease was no longer enforceable once the parties agreed to substitute another obligation, contained in the Assignment, for the obligation to lease. The case proceeded to a four day jury trial, which resulted in a verdict for RARE. [Record Document 240]. The jury agreed with RARE that the Assignment of HDRE's

obligation to purchase was substituted for RARE's obligation to lease, and consequently, RARE could not have breached this Lease. [Record Document 238].

After successfully defending its position at trial, RARE, as the prevailing party, moved for attorneys' fees and costs. RARE bases its request on Federal Rule of Civil Procedure 54(d), the Lease, and Louisiana law. HDRE opposes the motion, alleging that the attorneys' fees provision in the Lease is no longer enforceable since the Lease has been deemed novated. [Record Document 259]. For the following reasons, the Court finds that the attorneys' fees provision survived the extinguishment of the Lease and therefore **GRANTS** RARE's motion for attorneys' fees.

I.  The Arguments of the Parties.

The resolution of this issue rises and falls on the provisions of the Lease itself, despite the fact that a novation occurred. The relevant portions of the Lease are as follows:

| | |
|---|---|
| 7.6 Survival. | All representations and warranties contained in Section 7.5 [regarding environmental warranties] shall be deemed to be continuing and shall survive the expiration or early termination of the Lease. |
| 26.5 Separability. | Each and every covenant and agreement contained in this Lease shall be for any and all purposes hereof construed as separate and independent and, except as otherwise expressly provided herein, the breach of any covenant by Landlord shall not discharge or relieve Tenant from its obligation to perform each and every covenant and agreement to be performed by Tenant under this Lease. |
| 26.14 Applicable Law. | This Lease shall be construed under and enforced in accordance with the laws of the state |

| | |
|---|---|
| | in which the Shopping Center is located. |
| 26.16 Right to Attorneys' Fees. | In the event of any suit, action or proceeding at law or in equity, by either of the parties hereto against the other by reason of any manner or thing arising out of this Lease, the prevailing party shall have the right to recover, not only its legal costs, but its Attorneys' Fees. |
| 26.18 Invalidity of Provisions | If any term or provision of this Lease or the application thereof to any person or circumstances shall to any extent be invalid or unenforceable, the remainder of this Lease, or the application of such term or provision to persons whose circumstances are other than those as to which it is held unenforceable, shall not be affected thereby. |

As previously mentioned, RARE seeks to enforce the attorneys' fees provision of the Lease. RARE's position is grounded in a technical reading and application of the Civil Code: the obligation to lease, along with its correlative rights and duties, was extinguished by novation. All other lease provisions that were not correlative to the obligation to lease, including attorney's fees, survived the novation. HDRE agrees with RARE's premise that only the obligation to lease and any correlative rights and duties thereto were extinguished, but contends that the attorney's fees provision is a right or duty correlative to the obligation to lease. Therefore, HDRE submits that this provision did not survive the novation.

In addition, both parties argue about the intent of the parties: RARE argues the parties intended to have a broad attorney's fee provision which would survive despite any termination of the lease agreement, whereas HDRE contends that the parties did not intend

for the provision to survive, but rather would have drafted the language more precisely in the event they did intend it to survive.

Finally, HDRE asserts that RARE cannot simultaneously claim novation, yet seek an award under the Lease.[1] In other words, HDRE's position is that the defenses asserted dictate whether there is a right to recover attorneys' fees; thus, in order to obtain a fee award, RARE, allegedly, was obligated to defend the breach on some basis that would not have resulted in the Lease being rendered unenforceable.[2] In response, RARE argues that Section 26.16 does not differentiate based on who initiated the suit or what the claims or defenses were, but instead looks only at the "genesis of the dispute and whether it is one 'arising out of the Lease.'" Record Document 243, p. 12.

II.  Law And Analysis.

Federal Rule of Civil Procedure 54(d) sets forth the requirements to seek an award of attorney's fees. It provides:

> (2) Attorney's Fees.
>
> > (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
> >
> > (B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:

---

[1] The Assignment did not contain an attorneys' fees provision, which is of no moment to this Court, as HDRE sued RARE for a breach of the Lease (which *did* contain an attorneys' fees provision), as opposed to a breach of the Assignment.

[2] HDRE posits that, had it prevailed at trial, it certainly would have been entitled to the recovery of its fees.

>> (I) be filed no later than 14 days after the entry of judgment;
>
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>
> (iii) state the amount sought or provide a fair estimate of it; and
>
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

F.R.C.P. 54(d)(2). In cases based on diversity jurisdiction, the award of attorneys' fees is governed by state, rather than federal, law. See Ashland Chem. Inc. v. Barco, Inc., 123 F.3d 261, 263 (5th Cir. 1997)(citing Shelak v. White Motor Co., 636 F.2d 1069, 1072 (5th Cir. Unit A 1981)). In order to obtain an award of attorney's fees, the moving party must have prevailed in the district court. Furthermore, in Louisiana, attorneys' fees may only be awarded when specifically provided for by statute or in a contract. See Killebrew v. Abbott Labs., 359 So. 2d 1275, 1278 (La. 1978). In the instant case, the Lease is the "source" of the attorneys' fees, and the Lease's enforceability is governed by Louisiana law. RARE has satisfied the procedural requirements of its attorneys' fees request, and now the Court must endeavor to determine whether, under Louisiana law and the unique facts of this case, RARE is entitled to an award.

"An obligation is a legal relationship whereby a person, called the obligor, is bound to render performance in favor of another, called the obligee. Performance may consist of giving, doing, or not doing something." La. Civ. Code art. 1756. "A contract is an agreement by two or more parties whereby obligations are created, modified, and extinguished." La. Civ. Code art. 1906. "Novation is the extinguishment of an existing

obligation by the substitution of a new one." La. Civ. Code art. 1879. "Novation takes place when, by agreement of the parties, a new performance is substituted for that previously owed, or a new cause is substituted for that of the original obligation. If any substantial part of the original performance is still owed, there is no novation." La. Civ. Code art. 1881. "The new obligation which emerges from the juridical act of novation is free of all the rights of action and exceptions which were attached to the former and original obligation." Alain A. Levasseur, Louisiana Law of Obligations: A Précis 209 (1993).

In the case at bar, the jury plainly found the obligation to lease was novated by the assignment of HDRE's obligation to purchase.[3] Turning to the language of the Lease, the Court is struck by the broadly-worded language of Section 26.16, which provides that in the event of suit, by either party against the other, for any reason arising out of the Lease, the prevailing party **shall** recover fees and costs. Under this broad language, both parties face the same risk. This provision is not unilateral, limiting recovery solely to the party who successfully sues to enforce the contract. It does not, contrary to HDRE's belief, limit the defenses that may be raised, nor does it tether the ability to recover fees to the claims or defenses asserted during a suit. Its broad language does not presume to govern how a suit may be defended. Moreover, despite HDRE's position, the nature of the defense does not dictate the right to relief. Undoubtedly, the attorneys' fee language is broad, inclusive,

---

[3] Notably, the Civil Code provides no method for the extinguishment of an entire contract; rather, only an obligation may be extinguished.

and provides few restrictions on one's ability to recover an attorneys' fee award. To impose HDRE's rigid interpretation of Section 26.16 would undermine the language intentionally employed by the parties when they drafted this agreement. Further, to construe the attorneys' fee provision in such a manner would result in a unilateral attorneys' fees clause whereby, for all intents and purposes, only HDRE would be permitted to recover its fees and costs (as it was the only party seeking to enforce the Lease). This, too, would frustrate the language of Section 26.16, as well as the general purpose of attorneys' fees provisions.

Section 26.18 further demonstrates the intent of the parties in drafting Section 26.16. It provides that in the event one provision of the Lease is deemed unenforceable, the remainder of the Lease terms are not affected. Thus, although the obligation to lease was deemed unenforceable by reason of novation, the Lease evidences the parties' intent for the remaining terms and obligations of the Lease to remain enforceable.[4]

HDRE points to Section 7.6 as evidence that the parties did not intend for Section 26.16 to survive. Section 7.6 declares that the environmental warranties provision survives

---

[4] The Court notes the distinction between a null contract and an unenforceable one. Civil Code Article 2033 provides that "[a]n absolutely null contract, or a relatively null contract that has been declared null by the court, is deemed never to have existed." La. Civ. Code art. 2033. Black's Law Dictionary defines null as something that is void and has no legal consequence or effect; "Something that is non-existent." Saul Litvinoff, a premier Civilian scholar, supports the position that a null obligation cannot be novated: "an absolutely null obligation is regarded as never having existed, and it is quite clear that to put an end to something which does not exist is a logical impossibility." 5 Saul Litvinoff, Louisiana Civil Law Treatise: The Law of Obligations § 17.3 (2d ed.). An unenforceable contract is defined as a "defective but valid contract unable to be enforced by the court." Black's Law Dictionary.

the contract in the event of termination. HDRE argues that the survival clause in this provision shows that the parties knew how to draft a survival provision. HDRE argues that this demonstrates that the parties did not intend for the attorney's fee provision to survive. If they did, they would have drafted the contract accordingly. The Court disagrees, as this provision is potentially of such a nature as to necessitate specific survival language in order to survive the termination of the contract. More importantly, this one provision, whose intent and purpose is uncertain, cannot overcome the clear, unambiguous language of Section 26.16.

Importantly, as the Civil Code dictates, "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." Section 26.16 is clear and explicit and does not lead to absurd consequences. In comparison, HDRE's suggested interpretation of 26.16 would result in absurd consequences by imposing a restriction on permissible defenses (which may ultimately hamper the Defendant's ability to prevail) and/or by giving this provision unilateral application.[5] Notably, Section 26.16 does not explicitly limit the right to collect attorney's fees to those who successfully enforce a contract, however that will be the effect of the provision if the Court rules that it did not survive the novation.

It is nonsensical to believe the parties intended such a broadly-worded provision to be narrowly construed in its application, only allowing recovery of attorneys' fees for

---

[5] The Court shudders at the Pandora's box of litigation that would be opened by the issue of "permissible" defenses.

litigation occurring before the termination of the Lease and being dependent on an enforceable Lease. To hold so would result in a finding that the parties did not intend the provision to be effective for any dispute concerning the Lease after its end date and would significantly limit the contractual disputes they could litigate, including the claims and defenses thereto.

III.  Conclusion.

For the foregoing reasons, the Court finds that the attorneys' fees provision survived the novation, thus entitling RARE to invoke it and recover fees arising from this lengthy litigation. Accordingly, RARE's motion for attorneys' fees [Record Documents 242, 243, & 249] be and is hereby **GRANTED**. As this ruling only address the legal entitlement to attorneys' fees under the Lease, it does not determine the amount of attorneys' fees or costs owed to RARE. By **January 6, 2014**, RARE is ordered to provide to Plaintiff's counsel a complete itemized bill. By **January 27, 2014**, HDRE must respond to RARE with specific objections. Thereafter, RARE is ordered to submit an appropriate request for the imposition of fees and costs, which may include any costs previously disallowed by the Clerk of Court.

THUS DONE AND SIGNED this 23rd day of DECEMBER, 2013.

JUDGE ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

9 of 9